Dufour, J., recused.

———————o———————

No. 3478.

(Court of Appeal, Parish of Orleans.)

EMANUEL SMITH, vs. THEODORE PADERAS, JR.

Firemen's Insurance Co. of Baltimore, Garnishee.

1. A garnishee may plead any defenses which are necessary to protect him and prevent an improper decision so far as relates to his interest.

2. The burden of proof to establish that the purchase of property by a married woman enured to her separate benefit, because acquired subsequent to a judgment of separation of property, is upon the litigant who asserts it.

3. A married woman, duly separated in property from her husband, has the legal right to purchase property for her own and separate account, either for cash or on terms of credit and property thus acquired, becomes her paraphernal estate.

4. The burden of proving the invalidity of such purchase, after

239

she has shown a judgment of separation of property and subsequent purchase, is on the party attacking same.

Appeal from Civil District Court, Division D.

Theodore Cotonio, Plaintiff and Appellant.

James E. Zunts, Defendant and Appellee.

MOORE, J.   In execution of a judgment, against Theodore Paderas, Jr, the plaintiff, under writ of fi fa, seized in the hands of the Firemens Insurance Company of Baltimore all property real and personal, rights and credits of the defendant in writ; and, with the view of ascertaining what property rights or credits it had in its hands belonging to the defendant in writ, the plaintiff propounded interrogatories in garnishment to the said Company.   The latter answered, substantially, that it held in its hands, a sum of money, the adjusted loss by fire of a certain piece of real estate which it had insured in the name of Mrs. Theodore Paderas, in whose name the property stood and who was the owner thereof; that however the policy contained a clause providing that: "Loss, if any, payable to Edward H. Pursell, as interest may appear," but that whilst admitting its liability as stated it "does not know, how much is payable to either of said parties to wit, Mrs. Theodore Paderas and Edward H. Pursell" and it prays to be hence dismissed.

Thereupon the judgment creditor sued out a rule on the garnishee averring that its answers are vague and not responsive; that they do not state the amount of money in the hands of the garnishee, and that the interrogatories are not answered directly and specifically; prayed that the garnishee show cause on a day to be fixed why the interrogatories should not be taken for confessed and why the garnishee should not be required to deposit in the registry of the Court the full amount of the insurance policy amounting to $700.00.

There was judgment discharging the rule and plaintiff appeals.

The case, as presented by the respective counsel in their argument at the bar of this Court, involves the following propositions of law:

First:  Can the garnishee champion the rights of a married woman to the extent of claiming that funds arising from a fire insurance policy covering real property acquired in her name, is her separate property, not falling into the community, and consequently not liable to seizure for her husband's debts?

Second:  If the garnishee may do so, on whom is the burden of proof to establish the fact that the property is the wife's separate property? and,

240

Third: Has the plaintiff in writ the right to demand that funds held by a third person, (a garnishee) who admits that he has no interest or ownership therein, but avers that there are several claimants therefor, the plaintiff being among the number, shall be deposited in the registry of Court pending decision as to who is rightfully entitled to same.

1.

It may not be doubted that a garnishee, or any third person, who has funds or property in his hands, simply as a stakeholder, may, when it is sought to deprive him of the possession thereof by seizure or otherwise, set up the rights and pretentions of others who claim either ownership or some other right or privilege thereon. The garnishee may plead any defenses which are necessary to protect him and prevent an improper decision so far as relates to his interest; 3 A. 381.

Of course he may release himself from embarrassment or liability therefor when his dispossession of the property or funds is sought by a third person, by surrendering the property or funds to the Court and citing all persons in interest to contest their rights with the person who is asserting rights thereto adverse to those for whom he holds or whom he is advised make claim thereto. This is the safer and more prudent course for him to pursue, but if he chooses to take the risk of making the defense for those for whom he holds the fund or property he is at liberty so to do, and this he may do whether his principal be a married woman or not.

2.

If the fund or property which he holds as a stakeholder be held by him for account of a married woman in whom he asserts ownership as her separate property, and her title thereto is challenged by way of seizure by her husband's creditors, the stakeholder, or garnishee, is in no better position than the wife herself would be if she were a party direct contesting the seizure and averring her separate and paraphernal rights to the property. In the latter event it is conceded that the onus is upon her to establish all the elements necessary to constitute the property free from community obligations.

If the property was acquired during coverture the law presumes that it was acquired by and for the community and this presumption remains until satisfactorily established by the wife or those who set up her title, by the proof of those elements required by law to constitute it separate property, that the property does not fall into the community. If her claim that the property is her separate property rests upon the fact that she is separate in prop-

241

erty from her husband by a judgment of Court and that she acquired the property subsequent to such judgment, she must make proof of these facts.

### 3.

The plaintiff had no absolute right to a decree ordering the garnishee to deposit in the registry of the Court, the funds held by him. As already stated the garnishee might have done so if it had chosen so to do, but he did not. So also might the lower Court, in its discretion have directed the deposit in the registry of the Court with order that all parties claimant thereto be made parties to the suit. This would be the judicial sequestration. "There are cases," is the language of C. P. 273, "nevertheless, where it is decreed by the Court. The evidence introduced by the garnishee who undertook the burden of proof and successfully carried it, establishes that Mrs. Theodore Paderas, Jr, was duly separate in property from her husband by a judgment rendered and signed by the Civil District Court on the 16th, day of January 1902, It was not a monied Judgment and therefore did not require execution. Subsequently, to wit on the 22nd, day of April 1902, she acquired, partly for cash and partly on credit, the property, the insurance on which is the cause of the present controversy.

No evidence whatsever was offered by the plaintiff. the seizing creditor. Under this showing the case is entirely with the garnishee; for it is now well settled in our jurisprudence that a married woman, duly separated in property from her husband, can purchase property, either for cash or on terms of credit, and that property thus acquired is her separate and paraphernal estate, unless it be shown that the judgment of separation is a nullity, or that there was fraud or other elements of simulation in the purchase by the wife, 38 A. 186; 39 A. 733-780; 22 A. 619, which was not shown here.

There is consequently no error in the Judgment appealed from and it is affirmed.